# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

BANK OF AMERICA, N.A.;

               Plaintiffs,

       v.

HIDDEN CANYON OWNERS
ASSOCIATION; SFR INVESTMENTS
POOL 1, LLC; ABSOLUTE COLLECTION
SERVICES, LLC

               Defendants.

Case No. 2:16-cv-02764-RFB-EJY

# AMENDED ORDER

## I.    INTRODUCTION

Before the Court are Defendant SFR Investments Pool 1, LLC's Motion to Dismiss, Plaintiff Bank of America's ("BANA") Motion for Partial Summary Judgment, Movant Federal Housing Finance Agency ("FHFA's) Motion for Leave to File Amicus Curiae Brief, Defendant Hidden Canyon Owners Association's Motion for Summary Judgment, and Defendant SFR Investments Pool 1, LLC's Motion for Summary Judgment. ECF Nos. 38, 42, 45, 48, 49. For the following reasons, the Court denies the motion to dismiss, grants the FHFA's motion for leave to file an amicus curiae brief, denies the HOA's motion for summary judgment and orders supplementary briefing for the remaining summary judgment motions.

## II.    PROCEDURAL BACKGROUND

BANA sued Defendants on December 2, 2016, seeking declaratory relief from this Court that a nonjudicial foreclosure sale conducted in 2013 under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish their interest in a Las Vegas property.  ECF No. 1.  To obtain

the relief, BANA asserted the following claims in the complaint: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) as against Defendant SFR; (2) quiet title under 12 U.S.C. § 4617(j)(3) as against SFR; (3) declaratory relief under the Fifth and the Fourteenth Amendments to the United States Constitution against all Defendants; (4) quiet title under the Fifth and the Fourteenth Amendments to the United States Constitution against Defendant; (5) declaratory judgment against all Defendants; (6) breach of NRS 116.1113 against Defendant Hidden Canyon and Absolute; (7) wrongful foreclosure against Defendant Hidden Canyon and Absolute; and (8) injunctive relief against SFR. Id. Defendant Absolute Collection Services, LLC answered its complaint on December 27, 2016. ECF No. 12. On March 24, 2017, the Court stayed the case pending resolution of pertinent Ninth Circuit and Nevada Supreme Court cases. ECF No. 20. The Court lifted the stay on April 10, 2019. ECF No. 34. SFR filed its motion to dismiss on May 29, 2019. ECF No. 38. The motion was fully briefed. ECF Nos. 40, 41. BANA moved for summary judgment on June 21, 2019. ECF No. 42. The motion was fully briefed. ECF Nos. The Federal Housing Finance Agency moved for leave to file an amicus on June 28, 2019. ECF No. 45. Defendant Hidden Canyon Owners Association moved for summary judgment on July 16, 2019. ECF No. 48. A response and reply were filed. ECF No. 52, 58. SFR also moved for summary judgment on July 16, 2019. This motion was also fully briefed. ECF Nos. 53, 56.

### III.    FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts. [1]

#### a.  Undisputed facts

This matter concerns a nonjudicial foreclosure on a property (the "Property") located at

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure sale as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the substantially similar Freddie Mac Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

1526 Woodward Heights Way, North Las Vegas, Nevada 89032.  The Property sits in a community governed by the Hidden Canyon Owners Association (the "HOA").   The HOA requires its community members to pay HOA dues.

Nonparties David and Janet Anderson borrowed funds from Countrywide Home Loans, Inc. to purchase the Property in July 2004.  To obtain the loan, the Andersons executed a promissory note and a corresponding deed of trust to secure repayment of the note.  The deed of trust, which lists the Andersons as the borrowers and Countrywide Home Loans as the lender was recorded on July 26, 2004.  On November 13, 2009, the Mortgage Electronic Registration Service ("MERS") recorded an assignment of the deed of trust to BAC Home Loans Servicing, LP. That same year, BAC Home Loans Servicing merged with BANA.

The Andersons fell behind on HOA payments. From July 2011 through October 2012, the HOA, through its agent, recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell and two notices of foreclosure sale. On January 15, 2013, the HOA held a foreclosure sale on the Property under NRS Chapter 116.  SFR acquired the Property at the foreclosure sale as recorded in a foreclosure deed on January 17, 2013.

However, the Federal National Mortgage Association ("Fannie Mae") previously purchased the loan and deed of trust in August 2004. While its interest was never recorded under its name, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure. BANA was the servicer of the loan for Fannie Mae at the time of the foreclosure sale.

The relationship between Fannie Mae and its servicers, is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide").  The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae.  It also requires that servicers assign the

deeds of trust to Fannie Mae on Fannie Mae's demand.  The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings."  The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae.  The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae.  But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf."  The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

- 4 -

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee the government-sponsored enterprises Fannie Mae and Freddie Mac (collectively, the "Enterprises"). In accordance with its authority, FHFA placed the Enterprises, including Fannie Mae, under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the Property in this matter.

### b. Disputed Facts

The Court finds there to be no material disputed facts, but does find there to be disputes as to the sufficiency of evidence to support certain facts, as discussed in more detail, *infra*.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

In its reply to its own motion for summary judgment, SFR raised the argument for the first time that this Court does not have subject matter jurisdiction over this case. SFR argues that BANA has failed to sufficiently establish that Fannie Mae owned the loan and BANA was its servicer at the time the complaint in this case was filed. Specifically, SFR points to a declaration and accompanying printout submitted by BANA that appears to indicate that Fannie Mae sold the loan in June 2015 and repurchased it on March 29, 2017. BANA filed its complaint on December 2, 2016. For this reason, SFR argues, BANA did not have standing when it filed its complaint and the Court therefore does not have jurisdiction over this matter.

First, the Court notes that the Ninth Circuit has cautioned district courts on considering arguments that have only been raised for the first time in the reply brief to a summary judgment motion. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1289 n.4 (9th Cir. 2000) ("[I]ssues cannot be raised for the first time in a reply brief."). However, as SFR's argument raises questions regarding constitutional standing and the Court's jurisdiction, and the Court may consider questions of subject matter jurisdiction at any point in proceedings, the Court will order supplemental briefing so that BANA can respond to SFR's untimely argument. See Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011) (noting that "in determining constitutional standing, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing.").

Accordingly, the Court will deny BANA and SFR's motions for summary judgment without prejudice to refiling after it has received supplementary briefing from BANA on the question of subject matter jurisdiction.

In its motion to dismiss and also its motion for summary judgment, SFR also argues that BANA's claims regarding the Federal Foreclosure Bar are time-barred. In previous decisions, this Court has found that the six-year limitations period under section 4617(j) applies to claims brought by Fannie Mae.  The Court incorporates by reference its reasoning in those cases. <u>See</u> <u>e.g.</u>, <u>Fed. Nat'l Mortg. Ass'n v. Haus</u>, No. 2:17-cv-01756, 2019 WL 4777294, at *1, * 3 – 5 (D. Nev. Sept. 30, 2019) (explaining why the six-year provision of 4617(j) applies to Fannie Mae's claims), and also finds that loan servicers may also invoke the six-year limitations period for the same reasoning articulated in these cases. <u>See</u> <u>id</u>.

For statute of limitations calculations, the clock begins on the day the cause of action accrued. <u>Clark v. Robison</u>, 944 P.2d 788, 789 (Nev. 1997). A cause of action accrues "when a suit may be maintained thereon." <u>Id</u>. In this case, the foreclosure sale was on January 16, 2013. BANA filed its complaint on December 2, 2016—three years later. The Court thus finds that BANA's claims are timely filed.

Because the Federal Foreclosure Bar could be potentially dispositive of this case, the Court grants the HOA's motion, as the Court does not find that the HOA violated NRS 116 in its conducting of the foreclosure sale. The Court also does not find that the Bank can prevail on its wrongful foreclosure claim, as the Bank has not established that the borrower did not breach or fail to perform as of the time of the HOA sale. <u>See</u> <u>JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC</u>, 200 F.Supp.3d 1141 (D. Nev. 2016) (dismissing a wrongful foreclosure claim because the bank could not show that there was no default at the time of the foreclosure sale). The Court also rejects the Bank's arguments that the notice requirements of NRS Chapter 116 are unconstitutional as the Ninth Circuit has confirmed that they are not.  <u>Bank of America, N.A. v. Arlington West Twilight Homeowners Association</u>, 920 F.3d 620, 624 (9th Cir. 2019).

## VI. CONCLUSION

**IT IS ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion to Dismiss (ECF No. 38) is DENIED as the Court finds that the claims are not time-barred.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 42) is DENIED without prejudice to renewing the motion.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Summary Judgment (ECF No. 49) is DENIED without prejudice to renewing the motion.

**IT IS FURTHER ORDERED** that Plaintiff Bank of America, N.A. shall submit supplemental briefing no longer than ten pages excluding exhibits on whether the Court has subject matter jurisdiction over this case. Plaintiff Bank of America has until **May 1, 2020** to file its "Supplemental Partial Summary Judgment" motion. Any opposition will be due **May 15, 2020** and any reply will be due by **May 22, 2020**.

**IT IS FURTHER ORDERED** that the FHFA's Motion for Leave to File Amicus Curiae (ECF No. 45) is granted *nunc pro tunc*.

**IT IS FURTHER ORDERED** Defendant's Motion for Summary Judgment Defendant Hidden Canyon Owners Association (ECF No. 48) is GRANTED.

DATED: March 31, 2020

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**